IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Michael S. Setser, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:23-cv-0225 |
| ) | |
| I.C. System, Inc., a Minnesota ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michael S. Setser, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Michael S. Setser ("Setser"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to ATT U-Verse.

4.  Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to collect,

1

defaulted consumer debts that it did not originate. ICS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5.  Defendant ICS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.  Defendant ICS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Indiana.

## FACTUAL ALLEGATIONS

7.  Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed to ATT U-Verse. Defendant ICS attempted to collect this debt from him via negative credit reporting.

8.  Unsure about Defendant ICS, and unsure about the debt, Mr. Setser wrote to Defendant ICS, via letters dated November 30, 2022, and December 2, 2022, to notify it that he was represented by counsel, and that he disputed any debts that ICS was trying to collect. Copies of these letters attached as Group Exhibit B.

9.  These letters were sent via U.S. First Class Mail, postage pre-paid, to the mailing address used by Defendant for contact as to credit reporting, and were not returned by the Post Office as undeliverable.

10. On January 30, 2023, Mr. Setser obtained and reviewed a copies of his TransUnion and Experian credit reports, which showed that Defendant ICS had continued to report the debt he allegedly owed to ATT U-Verse, but had failed to note that the debt was disputed. The pertinent parts of Mr. Setser's TransUnion and Experian

credit reports are attached as Group Exhibit C.

11. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports, harmed his credit reputation, impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt.

12. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

13. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Setser, and negatively impacted his credit score.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits debt collectors from using any

false, deceptive or misleading means to collect or attempt to collect debts, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 at 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18.  Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

19.  Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20.  Plaintiff adopts and realleges ¶¶ 1-15.

21.  Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Michael S. Setser, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Setser, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michael S. Setser, demands trial by jury.

Michael S. Setser,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 6, 2022

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com